Upson, J.
The defendant, H. A. Bowlus, a merchant of Melmore, in Seneca county, had at different times purchased small quantities of goods, upon .credit, of the plaintiffs, *325 partners, under the name of Morgan, Root & Co., who were merchants of Cleveland; and in order to obtain from them further credit, he procured from the defendant, H. A. Boyer, of Tiffin, a written guaranty in the following words:
“ Tiffin, April 11, 1876.
“ Messrs. Morgan, Root & Co.:
i; Cents : The bearer, Mr. H. A. Bowlus, is visiting your city buying a few goods in your line, and anything you may be able to sell him will be paid promptly, as agreed on, which I herewith guarantee.
“ Yours respectfully,
“ H. A. Boyer.”
Bowlus delivered this guaranty to the plaintiffs about April 12, 1876, and then purchased of them, on the faith of the guaranty, goods to the amount of $797, for which he after-wards paid in full.
The plaintiffs continued to sell goods to Bowlus, from time to time, until about September 20, 1879, when the balance due from him was $301.12, for which the plaintiffs brought suit against Bowlus and Boyer.
The case was submitted to the court of common pleas, which rendered a judgment in favor of the defendant Boyer, and this judgment was, on error, affirmed by the district court.
The plaintiffs ask leave to file a petition in error to. reverse the judgment of the district court.
The principal question argued by counsel, and the only one. requiring our decision, is whether the guaranty given by the defendant Boyer, is a limited, or a continuing, guaranty.
The language of guaranties is often so indefinite that their construction in this respect is difficult, and the decisions .relating to such construction are very numerous and conflicting.
This conflict has in many cases arisen from the difference in the surrounding circumstances and the particular language of each guaranty, but in many cases it is due to the application by the several courts, of different rules to the construction of those contracts. The rules which we apply in this case are *326 those which are in accordance with'previous, decisions of this court, and those which we deem to be most in accordance with well established principles of law.
The rule that the language of a promise is to be construed' most strongly against the promisor cannot properly be applied to the construction of a guaranty. A guarantor, like a surety, is bound only by the precise words of his contract. Other words cannot be added by construction or implication, but the meaning of the words actually used is to be ascertained in the same manner as the meaning of similar words used in other contracts. They are to be understood in their plain and ordinary sense, when read in the light of the surrounding circumstances and of the object intended to be accomplished. The rule that a guarantor is held only by the express words of his promise does not entitle him to demand an unfair and strained interpretation of those words, in order that he may be released from the obligation which he has assumed.
In applying these rules there has been much difference of opinion as to whether the language of a guaranty should be construed as creating a limited or a continuing guaranty, when it is fairly capable of either construction, but we are satisfied that the decided weight of authority is in favor of the rule stated by Judge Story, that in a doubtful case the presumption should be against the construction that the guaranty is continuing.
In the construction of the guaranty, in this case, the plaintiffs’ counsel attach much importance to the words, us.ed in the guaranty, “ is visiting,” as denoting continuance, and as contemplating continuing visits. Those words, however, are equivalent to the word visits, and may be understood to mean visits from time to time, or visits at this time. The latter seems to be the more natural interpretation of the words used, and the one probably intended by the guarantor, for it can hardly be supposed that he intended to give a guaranty neither limited in time nor amount.
Applying to the construction of this guaranty the rules which we have stated, with the aid of the surrounding circumstances, and the purpose for which it was given, we are led to *327 the conclusion that the plaintiffs were not justified.in treatin'it as a continuing guaranty.

Motion overruled.